CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUL 18 2008

JOHN F. CORCORAN, CLERK
BY: /s/ Terry Coleman
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CARLTON J. GOUGH,<br><br>                                         *Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                                         *Defendant.* | CIVIL NO. 6:07cv00018<br><br>MEMORANDUM OPINION and ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon the parties' cross-motions for summary judgment (docket nos. 11 and 13), the Report and Recommendation of the U.S. Magistrate Judge (docket no. 19), and Plaintiff's objections thereto (docket no. 20). I referred this matter to the Honorable Michael F. Urbanksi, United States Magistrate Judge, for proposed finding of fact and a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) & (C). The Magistrate Judge filed his Report and Recommendation ("Report") on May 12, 2008, recommending that I grant the Defendant's motion for summary judgment and affirm the decision of the Commissioner. Plaintiff filed his objections to the Report within ten days of its entry, obligating the Court to undertake a de novo review of those portions of the Report to which objections were made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982).

After a careful examination of Plaintiff's objections, the applicable law, and the administrative record, I will adopt the Report of the Magistrate Judge, grant the Commissioner's motion for summary judgment, and affirm the decision of the Commissioner.

### I. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by

substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the ALJ), not the Courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The Court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the Court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589.

## II. DISCUSSION

Plaintiff Carlton J. Gough maintains that he has been disabled since July 31, 2001 due to a degenerative hip condition. (R. 21). Gough's date last insured was December 31, 2002, (R. 21), therefore he must establish disability on or before that date to be eligible for disability benefits. In his Report, the Magistrate Judge found that "there is scant evidence of a severe

Case 6:07-cv-00018-NKM-mfu Document 21 Filed 07/18/08 Page 2 of 5 Pageid#: 110

impairment posed by Gough's hip problems prior to 2003" and concluded that "the fact that Gough only sought treatment for a hip problem on one occasion between July, 1998 and May, 2004 constitutes substantial evidence supporting the Commissioner's finding that Gough's hip issues did not rise to the level of a severe impairment prior to 2003." (Report 12).

Gough raises two objections to the Magistrate Judge's finding that there is substantial evidence that he did not have a severe impairment prior to 2003. First, Gough argues that the Magistrate Judge did not adequately consider certain medical evidence dating from the years 1996 to 1998. Second, Gough argues that the absence of treatment records relating to his hip condition from July 1998 to February 2001 is accounted for by his lack of health insurance and meager financial resources.

Gough first argues that the Magistrate Judge failed to adequately consider medical evidence accumulated during the years 1996 to 1998. In particular, Gough argues that the treatment notes of Dr. Nadkarni, dated January 28, 1998; March 24, 1998; and May 21, 1998 support his claim of disability. (R. 164, 166, 168). Dr. Nadkarni's treatment notes document right hip pain and decreased range of motion of the hips as of 1998 and state that Gough might be a candidate for a right hip replacement. (R. 164).

Although, Dr. Nadkarni's treatment notes and other evidence from the same period do provide support for Gough's claim of disability, they are insufficient to show that the Commissioner's decision was unsupported by substantial evidence. The ALJ found that Gough's "statements regarding the intensity, duration and limiting effects of these symptoms prior to the date last insured are not entirely credible." Gough's argues that Dr. Nadkarni's notes undercut the ALJ's conclusion by providing objective support for his claim. However, Gough did not claim onset of disability until July 31, 2001. It was thus reasonable for the

Case 6:07-cv-00018-NKM-mfu Document 21 Filed 07/18/08 Page 3 of 5 Pageid#: 111

Commissioner to grant less weight to evidence dating from three years earlier than the claimed date of disability.

The Commissioner's decision gains further support from the relative absence of medical evidence in the six years following Gough's surgery on his left hip in 1998. In the period from July 1998 to May 2004 Gough sought treatment for hip pain only once, in February of 2001. In response, Gough agues that he did not seek treatment during the relevant period because he lacked the financial resources to do so. In support of this claim, Gough cites Social Security Ruling 96-7p which states:

> ...the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment *without first considering* any explanation that the individual may provide, or other information in the case record, that may explain infrequent or irregular visits or failure to seek medical treatment.

(emphasis added). Gough's citation to the Social Security Ruling is unhelpful because there is no evidence that the ALJ failed to consider Gough's proffered explanation. Indeed, upon review of the transcript, it appears Gough never raised this argument before the ALJ. Even if Gough had raised this argument, the ruling states only that the ALJ must *consider* the proffered explanation. As always, the ALJ as finder of fact retains the discretion not to credit an applicant's explanation for his absence of treatment. As long as the ALJ's decision not to credit a particular explanation is supported by substantial evidence, it must be upheld.

On these facts, the ALJ's decision not to credit Gough's explanation for the absence of medical evidence in this period is reasonable. Gough has not had regular work since 1997, (R. 213), but has sought medical treatment as needed on number of occasions subsequent to his surgery in 1998. In addition, to the visit for hip pain in 2001, Gough saw the doctor on two other occasions in 2001 for other ailments. Gough did eventually seek treatment for his right hip in

2004, but the record does not indicate a change in Gough's financial circumstances between 2001 and 2004. The ALJ, as finder of fact, was therefore entitled to disregard Gough's explanation for the lack of treatment.

The burden of establishing the severity of an impairment lies with the claimant. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *see also Mathews v. Eldridge*, 424 U.S. 319, 336 (1976) (citing 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1512(a), 416.912(a)). The only evidence Gough has been able to muster to contradict the Commissioner's finding is a single office visit to a doctor for hip pain in 2001 and a handful of doctor's notes from over three years earlier than the claimed date of disability. Based on the lack of medical evidence supporting Gough's claim of disability, I find that the Commissioner's decision is supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's objections are DENIED. I hereby ADOPT the Magistrate Judge's Report in its entirety, GRANT the Commissioner's motion for summary judgment, DENY Plaintiff's motion for summary judgment, and AFFIRM the Commissioner's final decision.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: This 18th Day of July, 2008

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

Case 6:07-cv-00018-NKM-mfu   Document 21   Filed 07/18/08   Page 5 of 5   Pageid#: 113